<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FLOYD SUGGS, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 08-3613 (RBK) |
| v. | : | |
| B.O.P. CENTRAL OFFICE, | : | <u>OPINION</u> |
| Respondent. | : | |

APPEARANCES:

    FLOYD SUGGS, #13620-424
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro Se</u>

**KUGLER**, District Judge:

Floyd Suggs, a prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a final decision of the Bureau of Prisons ("BOP") rejecting his appeal of a disciplinary sanction (consisting of a 90-day loss of phone, commissary and visitation privileges) imposed for conduct which disrupts or interferes with giving or receiving money or anything of value.  This Court will summarily dismiss the Petition, without prejudice to the filing of a civil action of the kind authorized by <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

# I.  BACKGROUND

Petitioner is serving 188-month term of imprisonment entered on October 3, 2002, in the United States District Court for the Northern District of Illinois, after a jury found him guilty of unlawful possession of a firearm by a person who was previously convicted of three violent felonies in violation of 18 U.S.C. § 924(e).  See United States v. Suggs, Crim. No. 01-0206-1 judgm. (N.D. Ill.  Sept. 24, 2002).  Petitioner appealed, and on July 23, 2003, the United States Court of Appeals for the Seventh Circuit summarily affirmed.  Petitioner's projected release date is October 18, 2014.[1]

Petitioner, who is currently incarcerated at FCI Fort Dix, filed this § 2241 Petition (which the Clerk received on July 18, 2008), together with several exhibits and a memorandum of law.  The Petition presents one ground:  "Denied my 1st Amendment right to address my grievances, denied due process of law.  See attached Memorandum of Law."  (Pet. ¶ 7(a), Ground One.)  Petitioner asserts in his two-page memorandum as follows:

> Petitioner's issues are plain and simple, and he contends there is no lengthy analysis necessary.  The crux of petitioner's issue is "Timeliness" of his administrative remedies.  Petitioner Suggs commenced his administrative remedy process at the time he was in administrative detention.
>
> Mr. Suggs had a "grievance" in regard to prison issues, and his constitutional rights.  Mr. Suggs exercised his right to address his grievance, he prepared his administrative remedy, and gave it to the officer who was on duty at the time to submit to other staff on his behalf.  When Petitioner Suggs received his first response from his First Administrative remedy it was denied as being "untimely," and all the rest of his administrative remedies thereafter.  Mr. Suggs . . .

---

[1] On April 7, 2008, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which is pending before the United States District Court for the Northern District of Illinois.

> was unable to leave his cell in the hole to physically hand his administrative remedy to his counselor in person. Therefore, he relied on that officer who was on duty to forward his administrative remedy for him.
>
> Petitioner Suggs control over the processing of his administrative remedy "ceased" as soon as he handed it over to the officer requesting the officer to forward it to his counselor. In <u>Houston v. Lack</u>, the Supreme Court ruled that a pro se prisoners notice of appeal are filed at the moment of delivery to prison officials for forwarding to the district court . . . . In light of <u>Houston v. Lack</u>, Due Process of Law, and the interest of justice the same must apply to Suggs.
>
>     *      *      *
>
> Prison officials impede[d] Mr. Suggs efforts to file his administrative remedies, because of their actions. These same actions denie[d] Mr. Suggs of his constitutional right to address his grievances. Pursuant to the 1st amendment, and the Due Process Clause of the 14th, and 5th, amendment. At bar the untimeliness of Mr. Suggs administrative remedies was caused by prison officials. Therefore he must not be penalized, because of their actions, which is the direct result of his administrative remedies being untimely.

(Mem. of Law. pp. 1-2.)

  For relief, Petitioner seeks an order directing the BOP "to accept all petitioner's Administrative Remedies as being timely filed in light of the Supreme Court's language in <u>Houston v. Lack</u> and the U.S. Constitutions 1st and 14th 5th Amendments." (Pet. ¶ 8.)

  The following documents are attached to the Petition:

> 1. Request for Administrative Remedy No. 479705-F1, dated January 16, 2008, in which Petitioner requests dismissal of the incident report because it was over 24 hours before officials gave Petitioner the incident report and the incident would not have occurred if he had not been illegally placed in the Special Housing Unit.

3

2. Administrative Remedy Rejection Notice, dated January 22, 2008, from Administrative Remedy Coordinator at FPC Duluth to Petitioner dated January 22, 2008, which rejects administrative remedy No. 479705-F1on the ground that Petitioner did not submit the request through his counselor, or other authorised person.

3. Request for Administrative Remedy No. 488626-F1, dated March 29, 2008, in which Petitioner seeks dismissal of incident report regarding January 7, 2008, incident and designation to camp status. (Request for Administrative Remedy dated March 29, 2008.)

4. Administrative Remedy Rejection from Administrative Remedy Coordinator at FCI Fort Dix, dated April 4, 2008, which rejects administrative remedy request 488626-F1 on the following ground: "Your request is untimely.  Institution and CCC requests (BP-09) must be received w/20 days of the event complained about." (Rejection Notice dated April 4, 2008.)

5. Incident Report/Committee Action dated January 9, 2008, finding Petitioner committed conduct which disrupts or interferes with giving or receiving money or anything of value on January 7, 2008, and imposing a sanction of 90 days loss of phone, commissary and visitation privileges.

6. Administrative Detention Order, dated January 9, 2008, to Special Housing Unit Officer from Lt. J.R. Johansson, stating that Petitioner is to be admitted to Administrative Detention pending reclassification "based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution." (Administrative Detention Order, dated Jan. 9. 2008.)

7. Male Custody Classification Form, dated January 15, 2008, which states: "Inmate/desig facl level mismatched.  Have DSCC add a MGTV transaction successfully completed - continue processing if desired." (Male Custody Classification Form, dated Jan. 15, 2008.)

8. Regional Administrative Remedy Appeal from Petitioner, dated April 14, 2008, in which Petitioner asserts that the challenged decision ignored his assertion that he was in transit between

4

January 31, 2008, to March 10, 2008, without adequate access to the administrative remedy process until he was given his property on March 12, 2008. Petitioner states that he hand-delivered his administrative remedy request to Mr. Batiste on March 31, 2008, and he requests equitable tolling because factors outside of his control prevented a timely request.

9. Administrative Remedy Rejection Notice from Northeast Regional Office, dated April 23, 2008, which provides: "Your request is untimely. Institution and CCC requests (BP-9) must be received w/20 days of the event complained about. UDC hearing was on 1/9/08 & you were at DTH until 1/30/08. Your appeal was due on or before 1/29/08. We concur that your BP-9 was untimely filed." (Rejection Notice dated April 23, 2008.)

10. Central Office Administrative Remedy Appeal, dated May 11, 2008, in which Petitioner states: "The Regional's Office concur with the Warden, rejecting my appeal as untimely. They fail to reach the excuse for untimely less properly presented in BP9 and BP10." (Central Office Administrative Remedy Appeal, dated May 11, 2008.)

11. Administrative Remedy Rejection Notice from Central Office, dated May 27, 2008, which rejects the appeal on the ground that the Central Office concurs with the institution's rationale for rejecting the request as untimely.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action." Id. The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges a final decision of the BOP rejecting his appeal of a disciplinary sanction (imposing a 90-day loss of phone, commissary and visitation privileges) on the ground that the rejection violates his rights under the Petition Clause of the First Amendment and the Due Process Clause of the Fifth Amendment.  In addition, Petitioner implicitly challenges the decision to increase his security classification, which he believes resulted from this "fabricated" disciplinary charge.  The problem with the Petition is that, even if this Court were to determine that the BOP erred in rejecting his appeal of the disciplinary sanction, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Because a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.[2]  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.[3]  See Ganim

---

[2] This Court makes no finding regarding the merits of Petitioner's claims.

[3] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a civil action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma
(continued...)

v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

s/Robert B. Kugler<br>
<b>ROBERT B. KUGLER, U.S.D.J.</b>

Dated:      July 31   , 2008

---

[3](...continued)
pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil rights complaint.